Frederick Backer, J.
All parties move for summary judgment. The question tendered is whether plaintiffs enjoy an *766 exemption from the New York City Beal Property Transfer Tax Law (Administrative Code of City of New York, § 146.20) as it may be apjplied to the transaction here involved. The enabling act and! the local law were effective July 1, 1959 but do not apply to contracts made before May 1, 1959. Payment of the tax, when it is payable, is to be made by the grantor.
As stated by the defendants:
“ Manifestly, as to contracts entered into before the tax law was enacted, it ¡would be unfair to impose the tax merely because title closed after July 1, 1959. Presumably, had the parties known that such a law would be passed, they might have provided for an earlier date for closing of title, or they could have provided for the added expense of the new tax in the selling price.
“ To avoid such unfair consequences, the State Legislature provided a cut off date which the City was authorized to enact in its tax law. Thus, the State enabling act provides (Ch. 370, L. 1959):
- < (e) * * * that such taxes shall not apply if the contract for any such conveyance was made prior to May first, nineteen hundred fifty-nine.’ ”
In this instance, plaintiff made a long-term lease dated July 1, 1957. It contained an option to purchase, which was not to be exercised by the tenant during the first three years of the lease term. Under the lease option notice to purchase was given on August 16, 1960, and title closed on October 17, 1960. Defendants argue that the lease option is not a contract nor an interest in property, and that the contract to sell did not come into existence until notice of exercise of option was given, which was after the cut-off date.
The local law exemption relates as provided to “ a deed delivered pursuant to a contract made prior to May 1, 1959 ’ ’. It does not employ the precise words of art “ contract of sale ”, which could easily have been provided if such restricted connotation were intended. The option is a contract made for a consideration. It is a unilateral contract, yet a contract nevertheless. The fact that it may be unexercised by the party not yet bound does not make it any less a contract because the privilege has not been exercised. Moreover, exercise of the option does not confer any additional right on the optionor to increase the purchase price or otherwise to affect the terms and conditions of the conveyance to be delivered in pursuance-of the option contract. While exercise of the option does indeed create a bilateral contract of sale, this is a second, not the first, *767 contract involving the parties; and the first qualified under the local law. The position of an optionor prior to the cut-off date is no different from the position of the person who had engaged in a contract of sale. The obligation of both is the same and fixed in respect of the grantor’s obligation to make payment of an after-enacted tax. The stated purpose and grounds to exempt the party making a contract of sale prior to the cut-off date should apply with equal force to the optionor, and no known or suggested reason would warrant any distinction. Each has equal claim of right to the protective exemption, and no basis is perceived for any intent or purpose to discriminate. Defendants’ reference to the language of the enabling act is of no aid, for it provided “ that such taxes shall not apply if the contract for any such conveyance was made prior to May first, nineteen hundred fifty-nine.” An option contract is one for a conveyance. Here, too, the Legislature was careful not to employ the words of art “ contract of sale ”, which it could easily have done if that were the restricted purpose.
Finally, defendants rely on Helvering v. San Joaquin Co. (297 U. S. 496). That authority is entirely distinguishable. There, too, a lease option was involved. The contract was made October 13,1906, and the option was exercised on November 30, 1916. At that time the Federal tax law provided that the cost of property shall serve as basis for determination of gain or loss, if the property had been acquired after February 28, 1913. Consequently, the critical date there was time of acquisition, not time of contract.
It is perfectly manifest that the defendants’ arguments are specious and that the attempted distinctions make no sense in the light of the conceded purpose of the legislation. It is found, therefore, that the deed in question is exempt from the subject tax and that, as to this transaction, the enabling act and the local law are not applicable. Plaintiffs’ motion is granted and defendants ’ motion is denied.